T.C. Summary Opinion 2001-53


UNITED STATES TAX COURT


ROBERT IRWIN SOLOMON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7700-99S.                    Filed April 11, 2001.


Robert Irwin Solomon, pro se.

Dustin M. Starbuck, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $4,060 for petitioner's 1995 Federal income tax. The issue before the Court is whether expenses incurred by petitioner in purchasing a tractor and a fuel tank are deductible under section 179. Petitioner resided in Williamsburg, Virginia, at the time the petition was filed.

Petitioner is a full-time practicing neurologist with medical offices in Williamsburg and Newport News, Virginia. Petitioner purchased 49 acres of land in 1986. Petitioner's putative farming activity is conducted on 6 acres. Petitioner cultivated the 6 acres for hay and, during 1995, rented the land for $150 to a farmer who harvested the hay. The remaining acreage consisted of 39 acres of forest, 2 acres of open land, and 2 acres associated with a house that was petitioner's residence during 1995.

Petitioner maintained the remainder of the property. In 1995, petitioner purchased a tractor for $11,900 and a 280-gallon fuel tank. Petitioner elected to "expense" these items under section 179. Respondent determined that under section 183 petitioner was not engaged in his farming activity for profit, and, therefore, disallowed the deduction.

We do not believe that it is necessary to engage in an extended exegesis on the agricultural economics of petitioner's farming activity to decide this issue. Relevant here, section

179 property, by definition, means "tangible property * * * which is acquired * * * for use in the active conduct of a trade or business." Sec. 179(d)(1). Whether or not we view petitioner's farming activity as a trade or business entered into for profit, petitioner's tractor and fuel tank were not used in that trade or business.

Petitioner testified that he used the tractor to cut the perimeter of the property. The perimeter of the property had nothing to do with the farming activity. The cutting of the perimeter was for aesthetic, personal reasons, and, whether it was cut or not, had no bearing on the farming activity. "It is a fundamental policy of Federal income tax law that a taxpayer should not be entitled to a deduction for 'personal' expenses, such as the ordinary expenses of everyday living." Dobra v. Commissioner, 111 T.C. 339, 348 (1998); see sec. 262(a). It is clear that only the 6 acres rented out were used in petitioner's farming activity. Furthermore, it is clear that the tractor and related fuel tank were purchased to maintain the remaining cleared acreage that was kept fallow. It is obvious that this fallow land was nothing more than curtilage, maintained purely for petitioner's personal enjoyment. Therefore, we find that the expenses of purchasing the tractor and fuel tank were personal expenses and are not deductible.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.